Jose Miguel MARTINEZ–
MOISES, Petitioner,

v.

Eric H. HOLDER, Jr., United States
Attorney General,* Respondent.

No. 08–3192–ag.

United States Court of Appeals,
Second Circuit.

April 16, 2009.

Jose Miguel Martinez–Moises, Brooklyn,
NY, pro se.

Gregory G. Katsas, Assistant Attorney
General; Barry J. Pettinato, Assistant Di-
rector; Kristin A. Moresi, Trial Attorney,
Office of Immigration Litigation, Civil Di-
vision, U.S. Department of Justice, Wash-
ington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL,
Hon. GUIDO CALABRESI, and Hon.
REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Jose Miguel Martinez–Moises, a native
and citizen of El Salvador, seeks review of
a May 30, 2008 order of the BIA affirming
the June 16, 2006 decision of Immigration
Judge ("IJ") Carey R. Holliday, denying
his application for asylum, withholding of
removal, and relief under the Convention
Against Torture ("CAT"). *In re Jose Mi-
guel Martinez–Moises,* No. A98 118 011
(B.I.A. May 30, 2008), *aff'g* No. A98 118
011 (Immig. Ct. N.Y. City June 16, 2006).
We assume the parties' familiarity with the
underlying facts and procedural history of
this case.

When the BIA adopts the decision of the
IJ and supplements the IJ's decision, we
review the decision of the IJ as supple-
mented by the BIA. *See Yan Chen v.
Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).
We review the agency's factual findings
under the substantial evidence standard.
8 U.S.C. § 1252(b)(4)(B); *see also Manzur
v. U.S. Dep't of Homeland Sec.,* 494 F.3d
281, 289 (2d Cir.2007). We review *de novo*
questions of law and the application of law

---

* Pursuant to Federal Rule of Appellate Proce-
dure 43(c)(2), Attorney General Eric H. Hold-
er, Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as the
respondent in this case.

to undisputed fact. *See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Even broadly construing the arguments Martinez–Moises makes in his pro se brief, he has waived any challenge to the IJ's findings that: (1) the abuse he alleged did not rise to the level or persecution; (2) the fact that the MS–13 gang did not attempt to recruit his similarly situated brother undermined his fear of future persecution; and (3) he failed to establish that the Government of El Salvador was unable or unwilling to protect him. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005); *see also Weixel v. Board of Educ.,* 287 F.3d 138, 145–46 (2d Cir.2002). Further, Martinez–Moises has waived any challenge to the BIA's determination that he failed to adequately challenge the IJ's denial of CAT relief. *Yueqing,* 426 F.3d at 545 n. 7.

Martinez–Moises's single argument in his petition for review is that the agency erred in finding that he failed to establish a nexus between the harm he suffered and his religion. Martinez–Moises has waived any argument that he suffered harm on account of his membership in a particular social group.

We further note that the BIA found in *Matter of S–E–G* that the applicants had failed to establish "that the MS–13 gang members who pursued [them] had any motives other than increasing the size and influence of their gang." *Id.* In the instant case, where Martinez–Moises testified that the MS–13 gang members knew "[t]hat he was a leader in the church," and believed that "if [he] belong[ed] to their organization [he] could bring more youth, more youngsters to their organization." Because we find nothing in the record that would compel a reasonable fact-finder to conclude that the agency erred in finding

that Martinez–Moises failed to establish that he was harmed on account of a protected ground, the agency's denial of his asylum and withholding of removal claims was proper. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur,* 494 F.3d at 289.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).